IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ABIGAIL JEAN FUNK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS, INC.,<br><br>　　　　Defendant. | Case No.:<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff Abigail Jean Funk ("Plaintiff"), by and through the undersigned counsel, files this Complaint and alleges, based upon Plaintiff's personal knowledge, information and belief, and the investigation of counsel, as follows:

## INTRODUCTION

1.　This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

## PARTIES

2.　Plaintiff is an individual and a natural person residing in Billings, Montana, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

3.　Defendant LexisNexis Risk Solutions Inc. ("Defendant") is a Georgia corporation, with a principal place of business located at 1000 Alderman Drive,

1

Alpharetta, Georgia 30005. Defendant may be served with process via its registered agent, CT Corporation System, located at 289 S Culver St, Lawrenceville, GA, 30046-4805.

4. Defendant regularly assembles and/or evaluates consumer information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports. Accordingly, Defendant is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

7. Pursuant to LR 3.1B(3), N.D.Ga., venue is proper in the Atlanta Division because the conduct complained of herein occurred in Fulton County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

8. On or about August 22, 2025, Plaintiff applied for automobile insurance with National General Holdings Corp.

9. Plaintiff completed and submitted the application together with her family members.

10. In connection with that application, Defendant prepared a consumer report for National General.

11. During the application process, Plaintiff received an insurance quote and was informed that Defendant was reporting a prior insurance claim with Safeco Insurance ("Safeco"), identified as Claim No. 58322161.

12. Safeco is a trade name used by a division of Liberty Mutual Group ("Liberty").

13. Plaintiff was confused and concerned because Plaintiff has never been involved in any automobile accident.

14. On or about September 9, 2025, Plaintiff applied for automobile insurance with State Farm.

15. Unlike the prior application, Plaintiff applied individually.

16. In connection with the State Farm application, Defendant prepared a consumer report for State Farm.

17. During the application process with State Farm, Plaintiff was informed that the same Safeco insurance claim, Claim No. 58322161, appeared in Plaintiff's claim history.

18. Thereafter, Plaintiff's mother contacted Liberty sometime between October 23, 2025 and October 28, 2025, in an effort to resolve the inaccurate Safeco insurance claim information issue.

19. During this communication Liberty confirmed that there is another consumer named Abigail Funk who shares the same date of birth as Plaintiff, but who has a different middle name than Plaintiff and resides in Indianapolis, Indiana (the "Non-Consumer").

20. Plaintiff was concerned that her consumer report contained inaccurate information, and on or about November 14, 2025, Plaintiff requested a copy of her consumer disclosure report from Defendant.

21. Upon review of the report, Plaintiff discovered that it contained Safeco Claim No. 58322161, dated November 23, 2024, which does not belong or pertain to Plaintiff.

22. Further review of the report revealed multiple address records associated with Indianapolis, Indiana, where Plaintiff has never lived, resided, or traveled to.

23. Additionally, the report showed a speeding violation resulting in a conviction from the Indianapolis, Marion County Superior Court, which is not attributable to Plaintiff.

24. By reporting the aforementioned insurance claim history and other personal information in the consumer report presumably about Plaintiff, despite the fact that the insurance claim history and other information do not belong to Plaintiff, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained within Plaintiff's consumer files and consumer reports, in violation of 15 U.S.C. § 1681e(b).

25. Upon information and belief, the foregoing insurance claim information, Indianapolis, Indiana addresses, and speeding ticket entry all belonged or otherwise pertained to the Non-Consumer.

26. On or about November 26, 2025, worried that something was very wrong with her consumer file, Plaintiff sent a letter to Defendant and disputed the inaccurate Safeco insurance claim information that did not belong or otherwise pertain to her.

27. Plaintiff included a copy of her driver's license, social security card, and her bank statement with her dispute letter to help Defendant identify her in its system and to assist with Defendant's reinvestigation.

28. Plaintiff requested that Defendant reinvestigate the disputed information, correct the reporting, and send her a corrected copy of her consumer report.

29. Plaintiff notified Defendant directly that she was disputing the accuracy of the Safeco claim information and provided Defendant with all the information and documentation necessary to identify her file and reinvestigate the disputed information.

30. On or about November 30, 2025, Plaintiff received a letter from Defendant stating that they were unable to verify Plaintiff's identity.

31. Accordingly, Plaintiff submitted a second dispute to Defendant on or about December 9, 2025, and again provided Defendant with all the information and documentation necessary to identify her file and reinvestigate the disputed information

32. Defendant did not respond to Plaintiff's second dispute.

33. On or about December 26, 2025, Plaintiff submitted a third dispute to Defendant, and once more provided Defendant with all the information and documentation necessary to identify her file and reinvestigate the disputed information.

34. Subsequently, on or about December 30, 2025, Defendant issued an updated consumer report showing that Defendant had finally removed the inaccurate Safeco insurance claim from Plaintiff's file.

## DAMAGES

35. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

### Actual Damages

36. As a result of Defendant's actions and omissions, Plaintiff has suffered actual damages.

37. Defendant's failure to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report resulted in the improper inclusion of another individual's insurance claim information, causing Plaintiff to be quoted insurance premium rates that did not reflect Plaintiff's true and accurate insurance risk score.

38. As a result of Defendant's conduct, action, and inaction, Plaintiff's damages also include, but are not necessarily limited to, the expenditure of time, money, labor, and effort disputing and trying to correct the inaccurate reporting.

### Statutory and Punitive Damages

39. At all times pertinent hereto, Defendant's conduct, as well as that of its respective agents, servants, and/or employees, was intentional, willful, reckless,

grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

40. Pursuant to 15 U.S.C. § 1681e(b), Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's consumer reports.

41. Despite this obligation, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information in Plaintiff's consumer reports and combined data and information pertaining to at least one other individua with Plaintiff's file, causing inaccurate, misleading, and patently false information to be included in Plaintiff's consumer reports.

42. If Defendant had followed reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, the inaccurate Safeco insurance claim information, Indianapolis, Indiana addresses, and speeding ticket entry would not appear in Plaintiff's consumer reports.

43. Defendant had the ability to establish and follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's consumer reports but willfully failed to do so.

44. Pursuant to 15 U.S.C. § 1681i(a)(1)(A), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by a consumer and the consumer notifies Defendant directly,

Defendant is required to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file.

45. Despite this obligation, Defendant failed, twice, to conduct a reasonable reinvestigation of the inaccurate Safeco insurance claim information identified by Plaintiff in her disputes.

46. Defendant had the ability to conduct reasonable reinvestigations of Plaintiff's November 25, 2025 and December 9, 2025 disputes but willfully failed to do so.

47. As a result of Defendant's willful noncompliance with 15 U.S.C. §§ 1681e(b) and 1681i(a)(1)(A), Plaintiff is entitled to recover statutory damages of not less than $100 and not more than $1,000 per violation, punitive damages, costs of this action, and reasonable attorneys' fees, as provided by 15 U.S.C. § 1681n(a).

## COUNT I
## Violations of 15 U.S.C. § 1681e(b)

48. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

49. Pursuant to 15 U.S.C. § 1681e(b), Defendant is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever it prepares consumer reports about Plaintiff.

50. On at least one occasion, Defendant prepared patently false consumer reports concerning Plaintiff.

51. Defendant mixed data and information belonging or otherwise pertaining to at least one other consumer into Plaintiff's consumer reports, thereby misrepresenting Plaintiff, and ultimately, Plaintiff's insurance risk score and overall insurability.

52. Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it prepared concerning Plaintiff.

53. As a result of Defendant's conduct, actions, and inactions, Plaintiff has suffered actual damages as detailed herein.

54. As a result of Defendant's willful noncompliance with 15 U.S.C. § 1681e(b), Plaintiff is entitled to recover actual damages or statutory damages of not less than $100 and not more than $1,000 per violation, and punitive damages, as provided by 15 U.S.C. § 1681n(a).

55. Alternatively, Defendant was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

56. Plaintiff is entitled to recover attorney's fees and costs of this action from Defendant pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
## Violations of 15 U.S.C. § 1681i

57. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully stated herein.

58. Pursuant to 15 U.S.C. § 1681i(a)(1)(A), Defendant had an affirmative duty to reinvestigate the disputes submitted by Plaintiff to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from Defendant's file within thirty days of receiving Plaintiff's disputes.

59. Upon information and belief, Defendant failed to conduct *any* reinvestigation in response to Plaintiff's November 25, 2025 dispute or Plaintiff's December 9, 2025 dispute.

60. Defendant had all the information necessary to correct its reporting, but despite that, Defendant failed to correct the false, disputed information, in the face of clear evidence that its reporting was false and misleading. That failure indicates that Defendant's reinvestigation procedures were not reasonable.

61. As a result of Defendant's violations of 15 U.S.C. § 1681i, Plaintiff has suffered actual damages as detailed herein.

62. As a result of Defendant's willful noncompliance with 15 U.S.C. § 1681e(b), Plaintiff is entitled to recover actual damages or statutory damages of

not less than $100 and not more than $1,000 per violation, and punitive damages, as provided by 15 U.S.C. § 1681n(a).

63.   Alternatively, Defendant was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

64.   Plaintiff is entitled to recover attorney's fees and costs of this action from Defendant pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## TRIAL BY JURY

65.   Plaintiff is entitled to and hereby requests a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs and awarding Plaintiff such other and furth relief as the Court may deem appropriate and proper.

Respectfully submitted this 6th day of March, 2026.

*/s/ Paul J. Sieg*
Paul J. Sieg, GA Bar #334182
CONSUMER ATTORNEYS, PLLC
2800 N Druid Hills Rd, Bldg. A, Ste. D
Atlanta, GA 30329
T: (470) 993-1886
E: pjsieg@consumerattorneys.com

*Attorneys for Plaintiff*
*Abigail Jean Funk*